UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DARIUS TYRELL MIDDLETON,

    Petitioner,

v.                                                     Case No. 4:23cv70-WS-HTC

SECRETARY OF THE FLORIDA
  DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## AMENDED REPORT AND RECOMMENDATION

Petitioner Darius Tyrell Middleton filed an amended petition under 28 U.S.C. § 2254, challenging his conviction and sentence in the circuit court of Bay County, Florida, in case no. 2017 CF 1686. Doc. 8. After considering the petition, the record, the Secretary's response, Doc. 22, the undersigned concluded that the petition was likely untimely and issued an order to show cause to give the parties thirty days to brief the issue. The Secretary responded within thirty days (Doc. 25) but Middleton did not, so the undersigned issued a Report and Recommendation of dismissal on June 18, 2024. Doc. 27. On June 27, 2024, however, the Court received Middleton's response to the show cause order. Doc. 28. Thus, the undersigned vacated that Report and Recommendation. Now, having considered Middleton's response, the undersigned once again finds the petition should be dismissed as untimely without an evidentiary hearing.

## I.   LEGAL STANDARDS

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petition for habeas relief must be filed within one year of certain trigger dates – the pertinent one here being one year from final judgment. 28 U.S.C. § 2244(d)(1)(A). A properly filed post-conviction motion will toll the limitations period until the motion is fully resolved. *Id.* at § 2244(d)(2). In this case, and for the reasons discussed below, the AEDPA deadline for Middleton expired in July 2021, several years before he filed the instant federal habeas petition.

## II.  ANALYSIS

### A.   The Petition is Untimely

On March 6, 2018, the state court sentenced Middleton to 15 years' imprisonment on Count I (robbery) as a prison releasee reoffender ("PRR"), 15 years' probation (consecutive to Count I) on Count II (witness tampering) as a habitual felony offender, and time served on Count III (misdemeanor assault). Doc. 22-3 at 198-99. Middleton timely appealed his conviction and sentence to the First District Court of Appeals ("First DCA"),[1] Doc. 22-6, which was affirmed without written opinion on October 16, 2019. Doc. 22-10. Middleton filed a motion for rehearing, which the First DCA denied on December 2, 2019. Doc. 22-12.

---

[1] During the pendency of his appeal, Middleton filed a motion to correct his written sentence to match his orally pronounced sentence, Doc. 22-5 at 8, which was granted before the direct appeal was resolved. *Id.* at 17. Therefore, that motion does not affect the timeliness analysis.

Case No. 4:23cv70-WS-HTC

Middleton did not seek certiorari review in the United States Supreme Court. Thus, Middleton's conviction and judgment became final ninety (90) days later. *See Bond v. Moore*, 309 F.3d 770, 773–74 (11th Cir. 2002). Here, because the 90 days fell on a Sunday, the judgment and conviction became final the following day, on Monday, March 2, 2020. The AEDPA clock, therefore, would have started running the following day.

On February 12, 2021 – after 347 days had expired – Middleton, through counsel, filed a Motion for Postconviction Relief under Florida Rule of Criminal Procedure 3.850 ("Rule 3.850 Motion"). Doc. 22-14 at 9. That motion tolled the AEDPA clock until the motion was fully resolved. The circuit court summarily denied the motion on May 19, 2021, *id.* at 39. Middleton did not file an appeal within thirty (30) days. Doc. 22-23 at 2-3. Thus, the AEDPA clock began running again on June 19, 2021, when the 30 days to appeal ran out.[2] *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir. 2006) (a post-conviction motion is considered "pending" and tolls the AEDPA statute of limitations until it is fully resolved, which includes the time for filing an appeal, even if no appeal is filed). With only 18 days left on the clock, the AEDPA clock ran out on Tuesday, July 6, 2021.

There were no pending motions between June 19, 2021, and July 6, 2021.

---

[2] 30 days from May 19, 2021, falls on Friday, June 18, 2021, which means the statute of limitations was tolled until June 18, 2021, and started running on June 19, 2021.

Case No. 4:23cv70-WS-HTC

Instead, it was not until November 22, 2021 – four months *after* the AEDPA deadline had expired – that Middleton, through counsel, filed a petition for belated appeal of the denial of his Rule 3.850 motion. Doc. 22-23. The First DCA granted the petition for belated appeal on December 7, 2021. Doc. 22-25. Ultimately, on November 18, 2022, the First DCA affirmed without a written opinion, Doc. 22-19, and denied a motion for rehearing, Doc. 22-21. Middleton filed the instant petition on January 25, 2023, before the First DCA issued its mandate (on February 6, 2023). Doc. 22-22 at 1. Because the AEDPA clock had already run when Middleton filed his petition for belated appeal, Middleton's federal habeas petition is untimely.

In *Moore v. Crosby,* 321 F.3d 1377 (11th Cir. 2003), the Eleventh Circuit considered the very issue presented in Middleton's case, that is – whether a petition for belated appeal, which was filed after the one-year limitation period had already expired and was later granted by the state appellate court, could retroactively toll the AEDPA clock. The Circuit Court answered that question in the negative.

The Eleventh Circuit explained that "'retroactively' tolling periods in which a petitioner is not attempting to exhaust state remedies" would go against the plain language of AEDPA and added that "[s]uch an interpretation would permit a petitioner to avoid the preclusive effect of a time-bar ruling by allowing a belated appeal beyond the one-year statute of limitations." *Id.* at 1381. Thus, the Eleventh Circuit held that Moore's petition was untimely because the petition for belated appeal was not filed until "after expiration of the limitations period." As the Circuit

Court stated, "[w]hile a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not *reset or restart* the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired." *Id.*

As discussed above, there was no postconviction motion pending before the state courts from June 18, 2021, when Middleton's Rule 3.850 motion was fully resolved, and November 21, 2021. In that interim, the AEDPA clock ran out. Thus, because the petition for belated appeal, which was not filed until November 22, 2021, did not "revive" the expired time, the petition is untimely. In other words, by the time the tolling began on November 22, 2021, there was no time left to be tolled. *See, e.g.*, *Castillo v. Dixon*, 2022 WL 2651623 (S.D. Fla. July 8, 2022) (relying on *Moore*, and finding federal petition untimely filed because the petition for belated appeal was filed *after* AEDPA clock had expired). Like the petition in *Moore*, absent equitable tolling or a showing that a determination on the merits is necessary to prevent a miscarriage of justice, Middleton's petition is untimely.

B.  **Middleton Is Not Entitled to Equitable Tolling**

In his Response, Middleton does not dispute the untimeliness of the petition. Instead, he explains that he was represented by postconviction counsel during the time his AEDPA time limit expired and "had been thinking when it comes to deadlines and that sort of thing, he would be on top of that!" Doc. 28. To the extent Middleton is arguing for equitable tolling, the undersigned finds counsel's failure is

Case No. 4:23cv70-WS-HTC

not sufficient to warrant equitable tolling.

Attorney Michael Ufferman represented Middleton post-conviction. Ufferman filed the Rule 3.850 motion for Middleton. *See* Doc. 22-14. Ufferman also filed the petition for belated appeal, discussed above. *See* Doc. 22-23. As part of the petition, Ufferman included an affidavit in which he states that he never received the circuit court's May 19, 2021, order dismissing the 3.850 motion and only "recently" (as of November 22, 2021) found that it was denied by checking the online docket. Doc. 22-24. By November 22, 2021, the AEDPA deadline had already expired.

If a defendant files a petition for a federal writ of habeas corpus beyond the one-year limitation period, the district court may still review an untimely petition filed by a petitioner entitled to equitable tolling. As the Supreme Court has explained, the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, and Section 2244 does not bar the application of equitable tolling in an appropriate case. *Holland v. Florida*, 560 U.S. 631 (2010). To be entitled to equitable tolling a petition must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 2562 (internal quotation marks omitted); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with

diligence"). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 130 S.Ct. at 2565 (internal quotation marks and citation omitted).

While failure to receive notice from the circuit court may be enough to support equitable tolling, it is not in Middleton's case because neither he nor his attorney exercised reasonable diligence. For example, in *Knight v. Schofield*, 292 F.3d 709 (11th Cir. 2002) (per curiam), the Eleventh Circuit allowed a petition the benefit of equitable tolling where the petitioner was diligent in inquiring about the state of the case and the state court assured him it would contact him as soon as a decision was made concerning the final disposition of his appeal but inadvertently sent the notice of the decision to the wrong person. *Id.* at 711. The panel noted, however, that "not in every case will a prisoner be entitled to equitable tolling until he receives notice. Each case turns on its own facts." *Id*.

Since *Knight*, the Eleventh Circuit has held that a petitioner's efforts to learn the disposition of pre-federal habeas steps are crucial to determining whether equitable tolling is appropriate. *See, e.g.*, *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1288 (11th Cir. 2002) ("A lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition." (emphases supplied)). Thus, in *Drew*, the Court ruled that a petitioner was not entitled to

Case No. 4:23cv70-WS-HTC

equitable tolling when he claimed to have contacted the state court by mail but provided no copies of the letters and did not make any attempt to otherwise contact the court, such as by calling or seeking help from a person who could go to the court personally. 297 F.3d at 1289.

Here, Ufferman did not check the docket until November 2021. Likewise, Middleton does not contend he checked the docket or contacted the state court. Doc. 28. Instead, he relied on Ufferman to advise him of his deadlines. *Id.* However, even if Ufferman's conduct constituted gross negligence, such attorney negligence is not enough to be an "extraordinary circumstance" supporting equitable tolling. In *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216 (11th Cir. 2017), the Eleventh Circuit, relying on decisions from the United States Supreme Court, reiterated that, "the fact that an attorney missed a filing deadline because he failed to do even rudimentary research, is a type of 'miscalculation [that] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.'" *Id.* at 1232–33. Therefore, even if the Court liberally construes Middleton's response to include an argument for equitable tolling to excuse the untimeliness, he would not be entitled to such tolling.

## III. CONCLUSION

For the reasons set forth above, and after considering the parties' responses to the show cause order, the undersigned finds the petition should be dismissed as

Case No. 4:23cv70-WS-HTC

untimely.[3]

The undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, Middleton has not shown that he is entitled to a hearing on equitable tolling as there are no allegations Middleton or his counsel were diligent in checking the docket or following up with the state court for the status of the Rule 3.850 motion. Middleton has not submitted an affidavit "with any statements concerning the timeliness of his petition, his diligence, or the circumstances surrounding his state court and federal court filings, let alone any extraordinary circumstance that may have impeded him from timely filing his federal petition." *See San Martin v. McNeil,* 633 F.3d 1257, 1271–72 (11th Cir. 2011) (holding that district court did not abuse its discretion in deciding not to hold a hearing).

A certificate of appealability should also be denied. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he

---

[3] A court does not err by *sua sponte* dismissing a § 2254 petition if it gives the petitioner notice of its decision and an opportunity to be heard in opposition. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (holding that the district court did not err by *sua sponte* dismissing untimely § 2254 petition where the court provided the petitioner with "adequate notice and an opportunity to respond" (quotation marks omitted)).

Case No. 4:23cv70-WS-HTC

district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition be DISMISSED as untimely.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 11th day of July, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**